ADAM WANG, Bar No. 201233
LAW OFFICES OF ADAM WANG
12 S. First Street, Suite 708
San Jose, CA 95113
Tel: 408-292-1040
Fax: 408-416-0248

Attorneys for Plaintiff
GUADALUPE JIMENEZ & PUTATIVE CLASS

RICHARD N. HILL, Bar No. 083629
ROBERT L. ZALETEL, Bar No. 96262
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA 94108.2693
Telephone: 415.433.1940
Fax No.: 415.399.8490

Attorneys for Defendants
FIRST, LAST & ALWAYS, INC., DEVEN GADULA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUADALUPE JIMENEZ,<br><br>        Plaintiffs,<br><br>    v.<br><br>FIRST, LAST & ALWAYS, INC.,<br><br>        Defendant.<br><br>**FIRST, LAST & ALWAYS, INC.**<br><br>        **Cross-Complainant**,<br><br>    v.<br><br>**GUADALUPE JIMENEZ,**<br><br>        **Cross-Defendant**. | Case No. C10-01128 PJH<br><br>[**PROPOSED**] ORDER OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND JUDGMENT<br><br>Date: May 9, 2012<br>**Time: 9:00 a.m.**<br>**Dept.:** Hon. Phyllis J. Hamilton |

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

[PROPOSED] ORDER OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Plaintiffs' unopposed Motion for Final Approval of Class Action Settlement came before this Court on May 9, 2012. The proposed settlement in this case was preliminarily approved by this Court on October 5, 2011.  Pursuant to the Court's Preliminary Approval Order and the Notice provided to the Class, the Court conducted a final fairness hearing as required by Federal Rule of Civil Procedure 23(e). The Court has reviewed the materials submitted by the parties and has heard arguments presented by counsel at the hearing. For the reasons cited on the record as well as those stated hereafter, the Court finds and orders as follows:

The Court hereby grants final approval of the Class Settlement based upon the terms set forth in the Preliminary Approval Order and the Stipulation and Agreement of Compromise and Settlement ("Settlement" or "Settlement Agreement") filed by the parties, as modified by the parties' September 28, 2011 filings. The Settlement appears to be fair, adequate, and reasonable to the Class.

1. The Court finds that this action satisfies the requirements of Rule 23 and the Fair Labor Standards Act and further finds that the Class has at all times been adequately represented by the Named Plaintiffs and Class Counsel.  For purposes of settlement, the Settlement Class shall consist of all hourly construction employees employed by First, Last & Always, Inc. in the field at any time from March 17, 2006 to the date of preliminary approval of the Settlement, who do not timely exclude themselves from the Settlement, provided, however, that only those Class Members who sign and return a Claim Form opting in to the Class and consenting to the Settlement shall be deemed to release any claims under the Fair Labor Standards Act ("FLSA").

2. The Notice approved by the Court was provided by First Class direct mail to the last-known address of each of the individuals identified as Class Members. In addition, follow-up efforts were made to send the Notice to those individuals whose original notices were returned as undeliverable. The Notice adequately described all of the relevant and necessary parts of the proposed Settlement Agreement, the request for incentive payments to the Named Plaintiffs, and Class Counsel's motion for an award of attorneys' fees and costs.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

[PROPOSED] ORDER OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT

3. The Court finds that the Notice given to the Class fully complied with Rule 23 and the FLSA, was the best notice practicable, satisfied all constitutional due process concerns, and provides the Court with jurisdiction over the Class Members.

4. The Court has concluded that the Settlement, as set forth in the Settlement Agreement executed by the parties, is fair, reasonable, and adequate under state and federal laws, including the Fair Labor Standards Act 29 U.S.C. § 200 et. seq. The Court finds that the uncertainty and delay of further litigation strongly supports the reasonableness and adequacy of the $500,000 Settlement Fund established pursuant to the Settlement Agreement.

5. The disposition of unclaimed funds, and the savings from the Court's award of only $3,750 each to the Representative Plaintiffs Jimenez and Alvarez, rather than the $7,500 allocated in the settlement, as well as any savings if the Court awards less than $125,000 in fees or less than $125,000 in costs, will be determined by the Court's ruling on Defendants' motion that unclaimed settlement monies will revert to Defendants (ECF No. 37).

6. Out of the identified Class Members who were notified, none has objected to any aspect of the proposed settlement. The reaction of the Class to the proposed settlement strongly supports the conclusion that the proposed Settlement is fair, reasonable, and adequate.

7. The Settlement is HEREBY APPROVED in its entirety.

8. The Settlement Fund shall be dispersed in accordance with the Settlement Agreement as detailed in the Motion for Conditional Certification of Settlement Class, Preliminary Approval of Settlement, and Approval of Class Notice and Settlement Administrator, granted on October 5, 2011.

9. Representative Plaintiffs Guadalupe Jimenez and Francisco Alvarez are hereby awarded $3,750 each for their time and effort in pursuing this litigation.

10. Plaintiffs' application for Attorneys' fees in the amount of $125,000, and costs in the amount of $5,983.79 (not to exceed $10,000) is hereby granted in accordance with *In*

2.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

[PROPOSED] ORDER OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT

*re Immune Response Sec. Litig.,* 497 F. Supp. 2d 1166, 1175 (S.D. Cal. 2007*); Staton v. Boeing Co.,* 327 F.3d 938, 967 (9th Cir. 2003); and *Boeing Co. v. Van Gemert,* 444 U.S. 472, 478 (1980).

11. This case is hereby DISMISSED WITH PREJUDICE, with each party to bear his, her, or its own costs, except as set forth herein.

12. The Court ENJOINS any Class Member, whether acting directly, in a representative capacity, or in any other capacity, and whether or not any such Class Member has appeared in the litigation, from asserting, instituting or prosecuting in any capacity in any court or governmental agency any claims released in the Settlement against Defendants or any other parties released by the Settlement, unless the Class Member has sent a timely exclusion form opting out of the Settlement.  Provided, however, that this injunction shall not apply to any FLSA claims of any Class Members who have not returned a signed Claim Form opting in to the FLSA Settlement.

13. The Court retains jurisdiction over this matter until all the settlement monies have been disbursed.

This is a final judgment.

IT IS SO ORDERED.

Dated:  May 17           , 2012

THE HONORABLE PHYLLIS J. HAMILTON
JUDGE OF THE UNITED STATES DISTRICT COURT

Firmwide:101058335.1 065131.1001

3.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

[PROPOSED] ORDER OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT